THE LAW OFFICE OF
THOMAS M. MULLANEY
489 FIFTH AVENUE, SUITE 1900
NEW YORK, NEW YORK 10017
Tel.: (212) 223-0800
Fax: (212) 661-9860

August 15, 2014

**BY ELECTRONIC FILING**

Hon. Margo K. Brodie
United States District Judge
United States District Court
Eastern District of New York
270 Cadman Plaza East
New York, New York 11201

   RE: *Solfire Group, L.L.C., et al. v. Solfire Enterprises, LLC, et al.*
      **Case No. 14-CV-3054 (GHW)(FM)**

Dear Judge Brodie,

  I represent the Defendant Brendan Murphy in the above-referenced action. This letter is respectfully submitted, pursuant to Rule 3.A.i. of your Honor's Individual Practices and Rules, to request a pre-motion conference prior to making a motion to dismiss the complaint under Fed. R. Civ. P. 12(b)(1) and 12(b)(6).

  For reasons articulated in today's letter from Kevin P. Mulry, the attorney for Defendant Solfire Enterprises, LLC and the other Defendants, the claims of Solfire Group, LLC, *et al.*, should be dismissed. Defendant Murphy joins in asserting the legal grounds for the dismissal of the Complaint as asserted in the Solfire Enterprises letter.

  The plaintiffs who have brought this action do not have the authority to bring claims on behalf of Solfire Group and Solfire Gear, because they do not have majority ownership of those LLCs. While alleged in a conclusory fashion, plaintiffs neither refer to nor submit an Operating Agreement (or any other document) to substantiate this allegation. Moreover, plaintiffs admit that Defendant Murphy was "one of the Managing Members of Solfire." Complaint ¶¶ 25, 26. The Complaint does not identify the other purported Managing Member or Members.

  This omission creates an additional basis to dismiss the Complaint, which blends derivative and direct claims without distinction. The Fourth Cause of Action, for example, plainly pleads a derivative claim, although it is not labeled that way. Thus, if this purported additional Managing Member is one of the individual plaintiffs, then he or she would have to be a <u>defendant</u> in a derivative action – not a plaintiff. Moreover, the Complaint does not allege that any of the traditional prerequisites to filing a derivative action were satisfied, such as sending a

demand letter. *Halebian v. Berv,* 590 F.3d 195, 204 (2d Cir.2009) (quoting Fed.R.Civ.P. 23.1). Nor does the Complaint plead demand futility. Nor is the Complaint verified.

Additionally, if a representative-plaintiff is ever identified in the derivative actions, that plaintiff likely would be disqualified, given that their vindictiveness toward the Defendant Murphy is demonstrated by their attempt to bring individual, direct claims against him. See *Youngman v. Tahmoush*, Del. Ch., 457 A.2d 376 (1983). *Youngman* lists eight factors to be considered:

> [E]conomic antagonisms between representative and class; the remedy sought by plaintiff in the derivative action; indications that the named plaintiff was to the driving force behind the litigation; plaintiff's unfamiliarity with the litigation; other litigation pending between the plaintiff and defendants' the relative magnitude of plaintiff's personal interests as compared to his interest in the derivative action itself; plaintiff's vindictiveness toward the defendants and, finally, the degree of support plaintiff was receiving from the shareholders he purported to represent.

Given the plaintiffs' failure to attach Operating Agreement(s), it is impossible for the Court to know which State's law to apply. Plaintiffs' apparent reliance on New York law, however, is fatal to their Complaint as pled.

There is a *per se* rule (or close to it) in the Second Circuit prohibiting Plaintiffs from pursuing simultaneous derivative and direct claims. See *Cordts–Auth v. Crunk, LLC,* 815 F.Supp.2d 778, 793–94 (S.D.N.Y.2011), *aff'd,* 479 Fed.Appx. 375 (2d. Cir.2012). "Courts in this Circuit have long found that plaintiffs attempting to advance derivative and direct claims in the same action face an impermissible conflict of interest." *St. Clair Shores Gen. Emp. Ret. Sys. v. Eibeler,* No. 06–CV–688, 2006 WL 2849783, at *7 (S.D.N.Y. Oct. 4, 2006). "Courts in this District have applied a strict standard in scrutinizing simultaneous direct and derivative actions for signs of conflict." *Ryan v. Aetna Life Ins. Co.,* 765 F.Supp. 133, 135 (S.D.N.Y.1991)

That is so because, "'While there is always a theoretical conflict of interest in situations where a plaintiff in a single lawsuit seeks redress on behalf of the [business entity] and from the [business entity]," it is indisputable that "the existence of an actual conflict disqualifies a plaintiff from acting as representative in these dual capacities," *Ryan,* 765 F.Supp. at 135 (quoting *Kamerman*, 1978 WL 1055, at *2 n. 3).

Moreover, even if Florida law were pled and applied, the Plaintiffs would face the same hurdles, as the laws of Florida, New York, and Delaware are typically very similar in matters of corporation law. See *Zahr v. Wingate Creek Acquisition Corp.*, 827 F.Supp. 1061, 1065 n.1 (S.D.N.Y. 1993). By any standard, the plaintiffs have failed to sufficiently allege necessary matters in their Complaint, and their claim against Defendant Murphy should be dismissed for these foregoing reasons.

Respectfully Submitted,

Thomas M. Mullaney

Cc:   All Counsel (by ECF)