UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

SOLFIRE GROUP, LLC, SOLFIRE GEAR, LLC,
SHANE SABEL, Individually, CANDACE
SABEL, Individually, CHRISTOPHER
PESAVENTO, Individually, KRISTOPHER
BRAATEN, Individually, GREGORY BARBA,
Individually, and KATHERINE BARBA,
Individually,

**MEMORANDUM & ORDER**
14-CV-3054 (MKB)

Plaintiffs,

v.

SOLFIRE ENTERPRISES, LLC, SOLFIRE
CLOTHING COMPANY, LLC, BRENDAN
MURPHY, Individually, and JOHN ZIEGLER,
Individually,

Defendants.

---

MARGO K. BRODIE, United States District Judge:

On May 15, 2014, Plaintiffs Solfire Group, LLC ("Solfire Group"), Solfire Gear, LLC ("Solfire Gear"), Shane Sabel, Candace Sabel, Christopher Pesavento, Kristopher Braaten, Gregory Barba and Katherine Barba commenced the above-captioned action against Defendants Solfire Enterprises, LLC ("Solfire Enterprises"), Solfire Clothing Company, LLC ("Solfire Clothing"), Brendan Murphy and John Ziegler. (Compl., Docket Entry No. 1.) On November 11, 2014, Plaintiffs filed an Amended Complaint alleging claims of (1) trademark infringement pursuant to 15 U.S.C. § 1114, (2) false designation of origin and false advertising pursuant to 15 U.S.C. § 1125, (3) breach of fiduciary duty, (4) breach of contract, (5) aiding and abetting breach of fiduciary duty, (6) tortious interference with contract and (7) unjust enrichment. (Am. Compl. ¶¶ 61–119, Docket Entry No. 15.) Plaintiffs also seek a declaratory judgment, pursuant

to 28 U.S.C. § 2201, declaring them owners of the trademark at issue. (*Id.* ¶¶ 53–60.) On March 3, 2015, Defendants Solfire Clothing, Solfire Enterprises and John Ziegler (collectively the "Ziegler Defendants"), moved to dismiss the Amended Complaint for failure to state a claim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. (Ziegler Defs. Mot. to Dismiss, Docket Entry No. 24.) Defendant Murphy separately moved to dismiss all claims against him. (Murphy Mot. to Dismiss, Docket Entry No. 30.) Plaintiffs opposed both motions to dismiss. (Mem. in Opp'n to Ziegler Mot. to Dismiss, Docket Entry No. 27; Mem. in Opp'n to Murphy Mot. to Dismiss, Docket Entry No. 29.)

On March 16, 2016, the Court heard oral arguments on the motions and, for the reasons stated on the record, granted the motions in part, dismissing Plaintiffs' trademark infringement claim pursuant to 15 U.S.C. § 1114 and Plaintiffs' false designation of origin and false advertising claims pursuant to 15 U.S.C. § 1125. (Min. Order dated Mar. 16, 2016.) The Court reserved decision as to Plaintiffs' state law claims and granted Plaintiffs two weeks to decide whether to replead their federal claims. (*Id.*) By letter dated March 29, 2016, Plaintiffs notified the Court that they do not intend to replead their federal claims. (Pls. Letter dated Mar. 29, 2016, Docket Entry No. 36.) As explained below, because the Court lacks jurisdiction over Plaintiffs' state law claims, the Court dismisses Plaintiffs' state law claims without prejudice.

**I. Background**

According to the Amended Complaint, Plaintiffs Solfire Group and Solfire Gear (collectively the "LLC Plaintiffs") are Florida limited liability companies.[1] (Am. Compl. ¶¶ 1–2.) Plaintiffs S. Sabel, C. Sabel, Pesavento, Braaten, G. Barba and K. Barba (collectively

---

[1] The allegations in the Amended Complaint are assumed to be true for the purposes of this order.

2

the "Individual Plaintiffs") are all members of the LLC Plaintiffs. (*Id.* ¶ 20.) The Amended Complaint does not state the citizenship of the Individual Plaintiffs. (*See id.* ¶¶ 3–8.) Defendants Solfire Enterprises and Solfire Clothing are New York limited liability companies. (*Id.* ¶¶ 9–10.) Defendants Murphy and Ziegler are residents of New York and are members of Solfire Enterprises and Solfire Clothing. (*Id.* ¶¶ 12–15.)

Plaintiff Solfire Group "manufactured, distributed, and sold tennis apparel marketed under the SOLFIRE® trademark" (the "Mark"). (*Id.* ¶ 31.) S. Sabel and Murphy founded Solfire Group in 2008. (*Id.* ¶ 21.) Murphy was a minority member of Plaintiff Solfire Group and was one of its managing members, handling day-to-day operations. (*Id.* ¶ 26.)

Plaintiff Solfire Group applied to the U.S. Patent and Trademark Office ("USPTO") to register the Mark as a protected trademark. (*Id.* ¶ 32.) The UPSTO granted the application on June 14, 2011 and registered the Mark under Registration Number 3979719. (Solfire USPTO Registration 1,[2] annexed to Decl. of Robert Pershes ("Pershes Decl."), Docket Entry No. 28, as Ex. 1.) Plaintiffs assert that, "unilaterally and without knowledge of the Plaintiffs or obtaining consent from any of the members of Solfire Group," Murphy pledged the Mark and its associated goodwill "as collateral to Ziegler in exchange for $4 million in cash, which was solely paid to Murphy or an entity at Murphy's direction which was only for his benefit." (Am. Compl. ¶¶ 36, 47.) Murphy subsequently defaulted on the loan, and the Mark was "assigned to Ziegler or an

---

[2] "The Court may properly take judicial notice of official records of the United States Patent and Trademark Office and the United States Copyright Office." *Telebrands Corp. v. Del Labs., Inc.*, 719 F. Supp. 2d 283, 287 (S.D.N.Y. 2010) (first citing *Island Software and Computer Serv., Inc. v. Microsoft Corp.*, 413 F.3d 257, 261 (2d Cir. 2005) (copyright registration); and then citing *Duluth News–Tribune v. Mesabi Publ'g Co.*, 84 F.3d 1093, 1096 n.2 (8th Cir. 1996) (trademark registration)).

3

entity at his direction."[3] (*Id.* ¶ 47.) Ziegler subsequently assigned the Mark to Defendant Solfire Enterprises.[4] (*Id.* ¶ 38.) According to the USPTO's record, Plaintiff Solfire Group is listed as the original registrant of the Mark, and Defendant Solfire Enterprises is registered as the current owner.[5] (Solfire USPTO Registration 1.) Defendants Solfire Enterprises and Solfire Clothing are currently utilizing the Mark to manufacture and sell tennis apparel. (Am. Compl. ¶ 45–46.) Plaintiffs contend that Plaintiff Solfire Group remains the true owner of the Mark because "Ziegler and Murphy executed and recorded the assignments, knowing that, collectively, Plaintiffs account for the majority ownership interest in Solfire Group, Solfire Group is the true owner of the Mark, and knowing that they had no authority to execute those assignments."[6] (*Id.* ¶ 42.)

## II. Discussion

### a. Standard of review

A district court may dismiss an action for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) when the court "lacks the statutory or constitutional power to adjudicate it." *Cortlandt St. Recovery Corp. v. Hellas Telecomms., S.À.R.L.*, 790 F.3d 411, 416–17 (2d Cir.

---

[3] The assignment was memorialized in writing. (Assignment of U.S. Trademark Registration dated Aug. 25, 2013, annexed to Pershes Decl. as Ex. 2.)

[4] The second assignment was also memorialized in writing. (Assignment of U.S. Trademark Registration dated Aug. 29, 2013, annexed to Decl. of Kevin Mulry, Docket Entry No. 24, as Ex. 2.)

[5] Both assignments are reflected in the Mark's USPTO registration record, which indicates that on August 25, 2013, the Mark was first assigned by Plaintiff Solfire Group to Ziegler, who subsequently assigned the Mark on August 29, 2013 to Defendant Solfire Enterprises. (Solfire USPTO Registration at 2–3.)

[6] Plaintiffs also allege that Murphy "without the knowledge or authorization of Plaintiffs, failed to file the annual reports of [Solfire Group] and [Solfire Gear], allowed various trademark applications to go abandoned, and failed to attend to administrative requirements of [Solfire Group] and [Solfire Gear]." (Am. Compl. ¶ 33.)

2015) (quoting *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000)); *Shabaj v. Holder*, 718 F.3d 48, 50 (2d Cir. 2013) (quoting *Aurecchione v. Schoolman Transp. Sys., Inc.*, 426 F.3d 635, 638 (2d Cir. 2005)). The plaintiff has the burden to prove that subject matter jurisdiction exists, and in evaluating whether the plaintiff has met that burden, "'[t]he court must take all facts alleged in the complaint as true and draw all reasonable inferences in favor of plaintiff,' but 'jurisdiction must be shown affirmatively, and that showing is not made by drawing from the pleadings inferences favorable to the party asserting it.'" *Morrison v. Nat'l Austl. Bank Ltd.*, 547 F.3d 167, 170 (2d Cir. 2008) (citations omitted), *aff'd*, 561 U.S. 247 (2010). A court may consider matters outside of the pleadings when determining whether subject matter jurisdiction exists. *M.E.S., Inc. v. Snell*, 712 F.3d 666, 671 (2d Cir. 2013); *Romano v. Kazacos*, 609 F.3d 512, 520 (2d Cir. 2010).

    b. **Dismissal of Plaintiffs' trademark claims**

In the Amended Complaint, Plaintiffs asserted claims of trademark infringement pursuant to 15 U.S.C. § 1114(1), (Am. Compl. ¶ 62), and false designation of origin and false advertising pursuant to 15 U.S.C. § 1125(a), (*id.* ¶¶ 78–79). At the oral argument held on March 16, 2016, the Court held that Plaintiffs had failed to state a claim pursuant to either section 1114(1) or section 1125(a). (Min. Order dated Mar. 16, 2016.)

As to Plaintiffs' section 1114(1) claim, the Court determined that, because Plaintiffs failed to allege any facts from which the Court could infer their use of the Mark, Plaintiffs failed to sufficiently allege a likelihood of consumer confusion. *See Starbucks Corp. v. Wolfe's Borough Coffee, Inc.*, 588 F.3d 97, 114 (2d Cir. 2009) (noting that, in order to prevail on a trademark infringement claim, "the plaintiff must prove that the defendant's use of the allegedly infringing mark would likely cause confusion as to the origin or sponsorship of the defendant's

goods with plaintiff's goods" (citations omitted)); *Ahmed v. GEO USA LLC*, No. 14-CV-7486, 2015 WL 1408895, at *3 (S.D.N.Y. Mar. 27, 2015) (holding that the plaintiff failed to establish likelihood of consumer confusion because he failed "to prove that the parties offer the same goods or services" and instead stated his business in conclusory fashion, without factual detail). Plaintiffs' section 1125(a) infringement claim failed for the same reason. *See Starbucks*, 588 F.3d at 114 (noting that infringement claims pursuant to either section 1114(1) or section 1125(a) require a plaintiff to establish a likelihood of consumer confusion); *Virgin Enters. Ltd. v. Nawab*, 335 F.3d 141, 146 (2d Cir. 2003) (noting that infringement claims, "whether brought under 15 U.S.C. § 1114(1) . . . or 15 U.S.C. § 1125(a)," are analyzed under the same standard, which requires plaintiffs to establish that a "defendant's use of the mark [at issue] is likely to cause consumers confusion as to the origin or sponsorship of the defendant's goods"); *Ahmed*, 2015 WL 1408895, at *2 (dismissing section 1125(a) claim where the plaintiff did not "provide any facts about his actual use of the mark" and where it was "impossible to tell from the [c]omplaint the products or services with which the mark was supposedly used").

As to Plaintiffs' section 1125(a) false advertisement claim, the Court determined that, because Plaintiffs did not allege that Defendants' actions harmed a current commercial interest, Plaintiffs failed to establish that they suffered an injury proximately caused by a violation of section 1125(a). *See Lexmark Intern., Inc. v. Static Control Components, Inc.*, 572 U.S. ---, ---, 134 S. Ct. 1377, 1395 (2014) (holding that, in order to bring a section 1125(a) false advertising claim, "a plaintiff must plead (and ultimately prove) an injury to a commercial interest in sales or business reputation proximately caused by the defendant's misrepresentations"); *Avalos v. IAC/Interactivecorp.*, No. 13-CV-8351, 2014 WL 5493242, at *5 (S.D.N.Y. Oct. 30, 2014) (dismissing section 1125(a) false advertising claim because allegations of harm were speculative

6

where the plaintiff did not sufficiently allege that the defendant's actions resulted in consumers withholding trade from the plaintiff by, for example, using its services less often).

Accordingly, the Court dismissed Plaintiffs' claims pursuant to both section 1114(1) and section 1125(a). (Min. Order dated Mar. 16, 2016.) By letter dated March 29, 2016, Plaintiffs notified the Court that they do not intend to replead their federal claims. (Pls. Letter dated Mar. 29, 2016.)

### c. The Court lacks subject matter jurisdiction over Plaintiffs' state law claims

The Ziegler Defendants argue that by dismissing Plaintiffs' trademark claims, the Court lacks subject matter jurisdiction over Plaintiffs' state law claims because the parties are not completely diverse. (Mem. of Law in Supp. of Ziegler Defs. Mot. to Dismiss 13.) Plaintiffs have not responded to this argument.

Diversity jurisdiction gives federal district courts jurisdiction over suits where plaintiffs and defendants are citizens of different states and "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. § 1332(a); *see also Bayerische Landesbank, N.Y. Branch v. Aladdin Capital Mgmt. LLC*, 692 F.3d 42, 48 (2d Cir. 2012) (citing 28 U.S.C. § 1332(a)). There must be complete diversity of citizenship between all plaintiffs and all defendants. *Pa. Pub. Sch. Emps.' Ret. Sys. v. Morgan Stanley & Co.*, 772 F.3d 111, 117–18 (2d Cir.), *as amended*, (Nov. 12, 2014) ("Subject matter jurisdiction is based on 28 U.S.C. § 1332, which requires 'complete diversity,' *i.e.* all plaintiffs must be citizens of states diverse from those of all defendants." (citation omitted)); *Lovejoy v. Watson*, 475 F. App'x 792, 792 (2d Cir. 2012) ("The complaint alleged that Lovejoy and the defendant resided in New York, thereby precluding diversity jurisdiction."). For the purpose of determining whether complete diversity between the parties exists, "a limited liability company . . . takes the citizenship of each of its

members." *Bayerische Landesbank*, 692 F.3d at 49. "Furthermore, it is well established that the party seeking to invoke jurisdiction under 28 U.S.C. § 1332 bears the burden of demonstrating that the grounds for diversity exist and that diversity is complete." *Herrick Co. v. SCS Commc'ns, Inc.*, 251 F.3d 315, 322 (2d Cir. 2001) (alteration, citations and internal quotation marks omitted).

The Amended Complaint states that the LLC Plaintiffs are Florida limited liability companies and that Defendants, including Murphy, are New York citizens. (Am. Compl. ¶¶ 1–2, 9–15.) However, the Amended Complaint fails to state the citizenship of the Individual Plaintiffs. (*See id.* ¶¶ 3–8.) Because Plaintiffs bear the burden of establishing complete diversity, by failing to plead the citizenship of the Individual Plaintiffs, Plaintiffs fail to establish diversity jurisdiction. *See Receiveables Exch., LLC v. Hotton*, No. 11-CV-292, 2011 WL 239865, at *1 (E.D.N.Y. Jan. 21, 2011) (dismissing complaint for failure to allege citizenship of each member of the plaintiff limited liability company (collecting cases)); *Infinity Consulting Grp., LLC v. Am. Cybersystems, Inc.*, No. 09-CV-1744, 2010 WL 456897, at *1 (E.D.N.Y. Feb. 3, 2010) (same). Moreover, based on the facts alleged in the Amended Complaint, Defendant Murphy is a citizen of New York and a member of the LLC Plaintiffs.[7] (Am. Compl.

---

[7] While Plaintiffs allege that Murphy "constructively abandoned his position as a member and managing member" of Solfire Group, (Am. Compl. ¶ 11), Plaintiffs have not presented any facts to support their legal conclusion that Murphy is no longer a member of the LLC Plaintiffs for the purposes of diversity jurisdiction. Plaintiffs have not alleged that Murphy filed a statement of dissociation, Fla. Stat. Ann. § 605.0216 (detailing how a member of a limited liability company may dissociate himself or herself from the entity), or that he expressly dissociated himself from the Plaintiff LLCs, Fla. Stat. Ann. § 605.0601(1) ("A person has the power to dissociate as a member at any time, rightfully or wrongfully, by withdrawing as a member by express will . . . ."), or that any of the events enumerated in section 605.0602 of the statute occurred, Fla. Stat. Ann. § 605.0602 (enumerating the events that cause dissociation, for example "[a]n event stated in the operating agreement as causing the person's dissociation occurs" or "[t]he person is expelled as a member pursuant to the operating agreement").

8

¶¶ 11–13, 26–27, 47.) Therefore, because Murphy is a member of the LLC Plaintiffs, the LLC Plaintiffs are also citizens of New York. *See Bayerische Landesbank*, 692 F.3d at 49 ("[A] limited liability company . . . takes the citizenship of each of its members."). Because the LLC Plaintiffs and Defendant Murphy are citizens of New York, Plaintiffs have failed to meet their burden to demonstrate complete diversity between the parties, as necessary for the Court to exercise diversity jurisdiction over Plaintiffs' state law claims. *See Pa. Pub. Sch. Emps.' Ret. Sys.*, 772 F.3d at 117–18 (noting that diversity jurisdiction requires that "all plaintiffs must be citizens of states diverse from those of all defendants").

Having dismissed Plaintiffs' trademark claims and because the Court lacks diversity jurisdiction, the Court has no subject matter jurisdiction over Plaintiffs' state law claims. Accordingly, the Court dismisses Plaintiffs' state law claims without prejudice.

### III. Conclusion

For the foregoing reasons, the Court dismisses Plaintiffs' state law claims without prejudice.

SO ORDERED:

\_\_\_\_\_s/ MKB_____
MARGO K. BRODIE
United States District Judge

Dated: May 5, 2016
      Brooklyn, New York